**MDL 1850**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 0 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE MENU FOODS POISONED PET FOOD LITIGATION | No. MDL DOCKET NO. |

**PLAINTIFFS' MOTION FOR TRANSFER AND CONSOLIDATION OF
RELATED ACTIONS TO THE WESTERN DISTRICT OF WASHINGTON
UNDER 28 U.S.C. § 1407**

Plaintiffs Tom Whaley, Stacey Heller, Toinette Robinson, David Rapp, Cecily and

Terrence Mitchell, Suzanne E. Johnson, Craig R. Klemann, Audrey Kornelius, Barbara Smith,

Michele Suggett and Don James ("Plaintiffs"), respectfully move the Judicial Panel on

Multidistrict Litigation for an Order, under 28 U.S.C. § 1407, that (i) transfers eight putative

class actions, currently pending in the Western District of Arkansas, Southern District of Florida,

Northern District of Illinois, Eastern District of Tennessee, District of New Jersey, District of

Connecticut, Central District of California, as well as any cases that may subsequently be filed

asserting similar or related claims, to the United States District Court for the Western District of

Washington; and (ii) consolidates these proceedings with the five other similar actions that are

currently pending in the Western District of Washington, *Tom Whaley v. Menu Foods, et al.*, No.

C07-0411M; *Stacey Heller, et al. v. Menu Foods*, No. C07-0453JJC; *Suzanne E. Johnson, et al.*

*v. Menu Foods*, No. C07-0455JCC; *Audrey Kornelius, et al. v. Menu Foods*, No. C07-0454MJP;

**OFFICIAL FILE COPY**

- 1 -

**ORIGINAL**

001938-12 161589 V1

IMAGED APR 2 2007

Dockets.Justia.com

and *Michele Suggett, et al. v. Menu Foods, et al.*, No. C07-0457RSM, before the Honorable Ricardo Martinez. In support of their Motion for Transfer and Consolidation, Plaintiffs state as follows:

1.     The class actions for which transfer and consolidation are proposed arise out of the same conduct and allege virtually identical claims. Each action is brought on behalf of a class of purchasers of dog or cat food produced by Menu Foods and sold under various labels, and alleges that Menu Foods produced tainted pet food that sickened their dogs or cats and caused the death of many of them.

2.     The eight actions proposed for transfer, *Sims, et al. v. Menu Foods Income Fund, et al.*, No. 07-5053 (W.D. Ark.); *Scott, et al. v. Menu Foods, et al.*, No. 07-5055 (W.D. Ark.); *Troiano v. Menu Foods, Inc., et al.*, No. 07-60428 CIV-COHN (S.D. Fla.); *Majerczyk v. Menu Foods, Inc.*, No. 07CV1543 (N.D. Ill.); *Holt v. Menu Foods, Inc.*, No. 07-cv-00094 (E.D. Tenn.); *Workman, et al. v. Menu Foods Limited, et al.*, No. 07-cv-1338-NLH-AMD (D.N.J.); *Osborne v. Menu Foods, Inc.*, No. 07CV00469RNC (D. Conn.); and *Sexton v. Menu Foods, Inc., et al.*, No. CV07-01958 GHK (AJWx) (C.D. Cal.), are the only actions on file outside the Western District of Washington of which Plaintiffs are aware.

3.     Plaintiffs propose that the *Sims, Scott, Troiano, Majerczyk, Holt, Workman, Obsborne* actions and the action pending in the Central District of California be consolidated with the five actions currently pending in the Western District of Washington before Judge Martinez, the lowest numbered of which is *Tom Whaley v. Menu Foods, et al.*, C07-0411M.

4.     The centralization of these actions in a single judicial district for consolidated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of all parties and witnesses and will promote the interest of justice because all actions involve common factual and legal issues, including:

a.     whether the Defendant's dog and cat food was materially defective, and unfit for use as dog or cat food;

- 2 -

b.      whether Defendant breached any contract, implied contract or warranties relating to the sale of the dog and cat food;

c.      whether Defendant's dog and cat food caused Plaintiffs' and other Class members' pets to become ill;

d.      whether Plaintiffs and other Class members have been damaged, and, if so, what is the proper measure thereof;

e.      what is the appropriate form of injunctive, declaratory and other relief.

5.      Consolidation of the actions before a single court will conserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, eliminate duplicative discovery and permit the cases to proceed to trial more efficiently.

6.      All 13 actions are in the very early stages of litigation; no responsive pleadings have been filed nor has any discovery been conducted.

7.      The proposed transfer and consolidation in the Western District of Washington will be for the convenience of parties and witnesses and will promote the just and efficient conduct of these actions because it is expected that plaintiffs' counsel in all actions will take discovery of the same witnesses and documents.

8.      The Western District of Washington has the resources and judicial expertise to properly conduct this case.

9.      Plaintiffs' motion is based on the accompanying memorandum of law, the filed pleadings and papers, and other materials that may presented to the Panel before or at the time of any hearing in this matter.

WHEREFORE, Plaintiffs respectfully request that the Panel order that the *Sims, Scott, Troiano, Majerczyk, Holt, Workman, Obsborne* and *Sexton* actions, as well as any cases that may be subsequently filed asserting related or similar claims, be transferred to the Western District of Washington for consolidated and coordinated pretrial proceedings.

- 3 -

Dated:  March 28, 2007

HAGENS BERMAN SOBOL SHAPIRO LLP

By_____
     Steve W. Berman
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292
steve@hbsslaw.com

MYERS & COMPANY, P.L.L.C.
Michael David Myers
1809 Seventh Avenue, Suite 700
Seattle, Washington  98101
Telephone:  (206) 398-1188
Facsimile:  (206) 400-1112
E-mail:  mmyers@myers-company.com

Philip H. Gordon
Bruce S. Bistline
Gordon Law Offices
623 West Hays St.
Boise, ID  83702
Telephone:  (208) 345-7100
Facsimile: (206) 623-0594
E-mail:  pgordon@gordonlawoffices.com

Adam P. Karp
Animal Law Offices of Adam P. Karp
114 W. Magnolia St., Ste. 425
Bellingham, WA 98225
Telephone: (360) 738-7273
Facsimile (360) 392-3936
Email: adam@animal-lawyer.com

*Attorneys for Plaintiffs Tom Whaley, Stacey
Heller, Toinette Robinson, David Rapp, Cecily
and Terrence Mitchell, Suzanne E. Johnson,
Craig R. Klemann, Audrey Kornelius, Barbara
Smith, Michele Suggett and Don James*

001958-12 161589 V1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 0 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE MENU FOODS POISONED PET FOOD LITIGATION | No. MDL DOCKET NO. |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS TO THE WESTERN DISTRICT OF WASHINGTON UNDER 28 U.S.C. § 1407**

Plaintiffs Tom Whaley, Stacey Heller, Toinette Robinson, David Rapp, Cecily and Terrence Mitchell, Suzanne E. Johnson, Craig R. Klemann, Audrey Kornelius, Barbara Smith, Michele Suggett and Don James ("Plaintiffs") submit this memorandum of law in support of their motion for transfer and consolidation of related actions to the Western District of Washington under 28 U.S.C. § 1407.

## I.    FACTS

**A.    Background**

Defendant Menu Foods, a Canadian corporation doing business in the United States, makes cat and dog food. Menu Foods' cat and dog food is sold under many brands, including such familiar brand names as Iams, Eukanuba and Science Diet. Menu Foods distributes its cat and dog food throughout the United States to retailers such as Wal-Mart, Kroger and Safeway. These and other retailers also sell Menu Food pet food under their own respective private labels.

ORIGINAL



001958-12 161590 V1

Plaintiffs assert their claims against Menu Foods as class actions under Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased any cat or dog food that was produced by Menu Foods and whose cat or dog became ill or died as a result of eating the food. Cat and dog food that Menu Foods produced caused an unknown number of cats and dogs to become ill, and many of them to die (the current reported known tally is over 100 deaths).

A tragically typical example is the cat belonging to plaintiff Stacy Heller (Case No. C07-0453JJC, W.D. Wash.). Ms. Heller purchased a Menu Foods wet cat food from Wal-Mart under the brand, Special Kitty, for Callie, her cat. Callie ate the Special Kitty cat food for several years before her death. She became extremely ill during the week of March 12, 2007. On March 14, 2007, Ms. Heller took Callie to a veterinarian, who told her that Callie had suffered kidney failure, also known as acute renal failure. Callie's condition quickly worsened, and on March 19, 2007, she had to be euthanized.

To date, Menu Foods has recalled 50 brands of dog food and 40 brands of cat food that have sickened and killed dogs and cats. All recalled food to date is of the "cuts and gravy wet" style and was produced during a three-month period between December 3, 2006 and March 6, 2007. While the contaminant in the recalled Menu Foods pet food has not yet been conclusively identified, preliminary testing at the New York State Food Laboratory indicates a rodent poison, aminopterin, which is banned in the United States, as the likely culprit.

Menu Foods' actions have injured Plaintiffs and other Class members, who seek to recover damages that include veterinary expenses, burial and cremation expenses, work disruptions and other such losses.

**B.    The Menu Foods Poisoned Pet Food Class Actions**

Following these events, several class-action complaints were filed against Menu Foods. These lawsuits assert claims for injuries arising from the sickening and deaths of pets that had consumed Menu Foods' pet food sold under various labels:

- 2 -

- *Tom Whaley v. Menu Foods, et al.*, No. C07-0411M (W.D. Wash.);
- *Stacey Heller, et al. v. Menu Foods*, No. C07-0453JJC (W.D. Wash.);
- *Suzanne E. Johnson, et al. v. Menu Foods*, No. C07-0455JCC (W. D. Wash.);
- *Audrey Kornelius, et al. v. Menu Foods*, No. C07-0454MJP (W.D. Wash.);
- *Michele Suggett, et al. v. Menu Foods, et al.*, No. C07-0457RSM (W.D. Wash.);
- *Sims, et al. v. Menu Foods Income Fund, et al.*, No. 07-5053 (W.D. Ark.);
- *Scott, et al. v. Menu Foods, et al.*, No. 07-5055 (W.D. Ark.);
- *Troiano v. Menu Foods, Inc., et al.*, No. 07-60428 CIV-COHN (S.D. Fla.);
- *Majerczyk v. Menu Foods, Inc.*, No. 07CV1543 (N.D. Ill.);
- *Holt v. Menu Foods, Inc.*, No. 07-cv-00094 (E.D. Tenn.);
- *Workman, et al. v. Menu Foods Limited, et al.*, No. 07-cv-1338-NLH-AMD (D.N.J.);
- *Osborne v. Menu Foods, Inc.*, No. 07CV00469RNC (D. Conn.); and
- *Sexton v. Menu Foods, Inc., et al.*, No. CV07-01958 GHK (AJWx) (C.D. Cal.).

These cases seek to recover damages on behalf of all persons whose cats and/or dogs became sick or died as a result of consuming pet food produced by Menu Foods. Submitted herewith is a Schedule of Actions Involved under 28 U.S.C. § 1407 that lists the actions to be transferred and consolidated.

Plaintiffs seek to have the latter eight class actions listed above transferred to the Western District of Washington for centralization with the five class actions already pending in that jurisdiction. Transfer and consolidation is appropriate because these cases involve common factual questions, transfer will further the convenience of the parties and the witnesses, and transfer will promote the just and efficient conduct of these actions. The Western District of Washington is the appropriate place for transfer and consolidation because the district has the

- 3 -

resources and judicial expertise to properly conduct this case; defendant Menu Foods transacts business in the district; five class actions are already filed there, and the Western District of Washington is easily accessed by all parties.

## II.    ARGUMENT

**A.    Transfer and Consolidation of All Menu Foods Poisoned Pet Food Actions for Coordinated Pretrial Proceedings Is Appropriate**

28 U.S.C. § 1407 authorizes this Panel to transfer and consolidate two or more civil cases for coordinated pretrial proceedings upon a determination that (i) they "involv[e] one or more common questions of fact," (ii) transfer will further "the convenience of the parties and witnesses," and (iii) transfer "will promote the just and efficient conduct of the actions." The requirements for transfer under Section 1407 are clearly satisfied here. The 13 related Menu Foods poisoned pet food class actions are characterized almost entirely by common questions of fact. In addition, transfer and consolidation will promote convenience for the parties and efficiency in the pretrial proceedings by eliminating duplicative discovery and the potential for inconsistent rulings, including determinations on class certification.

### 1.    The related actions involve common questions of fact

The first requirement of § 1407 – that the actions to be transferred involve common questions of fact – is satisfied. The factual issues to be determined in each of the actions proposed for transfer and coordination arise from the same course of conduct and, hence, are identical. *See In re Neurontin Mktg. & Sales Practices Litig.*, 342 F. Supp. 2d 1350, 1351 (J.P.M.L. 2004); *In re Publ'n Paper Antitrust Litig.*, 346 F. Supp. 2d 1370, 1371 (J.P.M.L. 2004).

Among the many common questions of law and fact at issue in the related actions are:

a.    whether the Defendant's dog and cat food was materially defective, and unfit for use as dog or cat food;

- 4 -

b.      whether Defendant breached any contract, implied contract or warranties relating to the sale of the dog and cat food;

c.      whether Defendant's dog and cat food caused Plaintiffs' and other Class members' pets to become ill;

d.      whether Plaintiffs and other Class members have been damaged, and, if so, what is the proper measure thereof;

e.      what is the appropriate form of injunctive, declaratory and other relief.

The factual issues to be determined in all of the class actions are nearly identical, making transfer to a single forum highly appropriate. *See, e.g., Neurontin*, 342 F. Supp. 2d at 1351.  In *Neurontin*, for example, the Panel ruled that there were common issues warranting transfer and consolidation where "[a]ll actions [we]re purported class actions involving allegations that common defendants have engaged in the illegal promotion and sale of the drug Neurontin for 'off-label' use." *Id.; see also In re Ephedra Prods. Liab. Litig.*, 314 F. Supp. 2d 1373, 1375 (J.P.M.L. 2004) ("[c]ommon factual questions arise because these actions focus on alleged side effects of ephedra-containing products, and whether defendants knew of these side effects and either concealed, misrepresented or failed to warn of them"); *In re Columbia Univ. Patent Litig.*, 313 F. Supp. 2d 1383, 1385 (J.P.M.L. 2004) (common questions existed where "[a]ll actions can thus be expected to share factual and legal questions with respect to the '275 patent concerning patent validity and related questions such as double patenting, prosecution laches, and inequitable conduct").

2.      **Consolidating the class actions will further the convenience of the parties and the witnesses**

Consolidating the class actions will meet the second requirement for consolidation under § 1407 because it will serve the convenience of the parties and witnesses.  It is expected that counsel for plaintiffs in all actions will seek documents from the same defendants on such issues as, *inter alia*:  (a) where the recalled Menu Foods pet food was processed, (b) the manufacturing

-5-

processes for the recalled Menu Foods pet food, (c) the intended ingredients of the recalled Menu Foods pet food, (d) the name, composition and character of the contaminant(s) of the recalled Menu Foods pet food that poisoned the Class members' cats and dogs, (e) the contaminant(s)' pathway into the recalled Menu Foods pet food, and (f) when Defendants learned or should have learned that the recalled Menu Foods pet food was contaminated. Issues such as these will be central in all of the class actions.

Because the actions arise from a common core of factual allegations, there is a strong likelihood of duplicative discovery demands and redundant depositions. Consolidation will enable a single judge to establish a pretrial program that will minimize the inconvenience to the witnesses and expenses to the parties. These savings are precisely the types of savings that this Panel has traditionally used to justify the consolidation of actions in different jurisdictions. *See, e.g., Neurontin*, 342 F. Supp. 2d at 1351; *Columbia Univ. Patent Litig.*, 313 F. Supp. 2d 1385.

### 3. Transfer and consolidation will promote the just and efficient conduct of the related actions

Finally, transferring and consolidating these class actions is appropriate because coordinating the pretrial proceedings will promote the just and efficient conduct of the actions. In light of the nearly identical factual allegations, and especially given that discovery has not yet begun in any action, transfer under § 1407 will avoid duplicative discovery and save judicial time and resources. *See Neurontin*, 342 F. Supp. 2d at 1351; *In re Oxycontin Antitrust Litig.*, 314 F. Supp. 2d 1388, 1390 (J.P.M.L. 2004); *Ephedra Prods. Liab. Litig.*, 314 F. Supp. 2d at 1375; *In re Japanese Elec. Prods. Antitrust Litig.*, 388 F. Supp. 565, 567 (J.P.M.L. 1975); *see also In re European Rail Pass Antitrust Litig.*, 2001 U.S. Dist. Lexis 1417, at *3 (J.P.M.L. Feb. 7, 2001) (ordering cases transferred to a single district to "eliminate duplicative discovery").

The plaintiffs in each action will seek to depose many of the same individuals from Menu Foods and its various affiliates and request production of a substantially similar set of documents. Failing to consolidate these actions will therefore result in duplicative discovery

- 6 -

efforts, requiring witnesses to appear for multiple depositions and defendants to produce several sets of the same documents. The consolidation and coordination of these actions would avoid this inconvenience and needless waste of resources. *See In re Univ. Serv. Fund Tel. Billing Practices Litig.*, 209 F. Supp. 2d 1385, 1386 (J.P.M.L. 2002). Moreover, the corresponding savings in time and expense would confer benefits upon both the plaintiffs and defendants. *See In re Cygnus Telcoms. Tech., LLC Patent Litig.*, 177 F. Supp. 2d 1375, 1376 (J.P.M.L. 2001); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 173 F. Supp. 2d 1377, 1379 (J.P.M.L. 2001); *see also In re Amino Acid Lysine Antitrust Litig.*, 910 F. Supp. 696, 698 (J.P.M.L. 1995) (consolidation and coordination is appropriate to "conserve the resources of the parties, their counsel and the judiciary"); *In re Uranium Indus. Antitrust Litig.*, 458 F. Supp. 1223, 1230 (J.P.M.L. 1978).

Where, as here, consolidation and coordination will avoid duplicative discovery and potentially conflicting pretrial rulings, transfer for pretrial purposes is warranted to promote the interests of judicial economy and efficiency.

**B.    The Western District of Washington Is The Proper Forum for Coordinated Pretrial Proceedings**

**1.    The Western District of Washington has the resources and judicial expertise to properly conduct this case**

In selecting the most appropriate transferee forum for multidistrict litigation, the Panel considers the speed and efficiency with which alternative districts manage their respective caseloads. *See In re Preferential Drug Prods. Pricing Antitrust*, 429 F. Supp. 1027, 1029 (J.P.M.L. 1977) (transferring cases based in part upon transferee court's low median time between filing and disposition in civil actions); *In re Corn Derivatives Antitrust Litig.*, 486 F. Supp. 929, 932 (J.P.M.L. 1980) (faster docket cited as reason for selecting transferee court). Here, this factor favors transferring the actions to the Western District of Washington.

If transferred to the Western District of Washington and consolidated with the five actions already pending there, all 13 actions could proceed expeditiously to trial. The Western

- 7 -

District of Washington has a well-managed docket that is relatively undertaxed by multidistrict litigation and capable of ensuring expeditious resolution of this multi-party litigation. When the Panel has concluded that any of several forums would be appropriate for M.D.L. transfer, it has examined the relative caseloads in each district court to tip the balance in favor of the less burdened district. *See, e.g., In re Corn Derivatives Antitrust Litig.*, 486 F. Supp. 929, 932 (J.P.M.L. 1980); *In re Falstaff Brewing Corp. Antitrust Litig.*, 434 F. Supp. 1225, 1231 (J.P.M.L. 1977); *In re Air Crash Disaster at Taipei Intl. Airport on July 31, 1975*, 433 F. Supp. 1120, 1122 (J.P.M.L. 1977); *In re Eastern Airlines, Inc. Flight Attendant Weight Program Litig.*, 391 F. Supp. 763, 764 (J.P.M.L. 1975); *In re Peruvian Road Litig.*, 380 F. Supp. 796, 798 (J.P.M.L. 1974).

The rationale for these decisions goes to the very heart of a decision to transfer a great number of cases before a single district-court judge. The worthwhile purposes of consolidating multidistrict litigation would be frustrated if the transferee court is already too overburdened to give these complex cases the close study and attention they will require. As this Panel stated in the *Eastern Airlines* decision:

> On balance, however, we favor the Eastern District of Virginia
> because that district has a significantly lighter civil action docket
> than the District of Massachusetts and, therefore, is in the best
> position to expeditiously process this particular litigation. [391
> F. Supp. at 764-65.]

This rationale would be well served by transferring the other eight cases to the Western District of Washington for consolidation with the five class actions there. The Western District of Washington enjoys a swift civil action docket. The median time for civil cases from filing to "disposition" in the Western District of Washington is only 9.1 months, and only 19.0 months to trial.[1] This indicates an ability on the part of the Western District to move civil cases along

---

[1] The district has experienced a two-year bump in its case disposition median times occasioned by several judges' transitioning to senior status. But those vacancies have been or are now being filled, so we expect a return to the district's long-standing record of highly expeditious resolutions.

The Movants cite to Federal Court Management statistics for 2006 available on this Panel's website, at http://www.uscourts.gov/cgi-bin/cmsd2006.pl . For the Panel's convenience, we attach copies of the relevant

- 8 -

quickly during the pretrial phase of litigation, precisely the task that will be before the transferee court here. The comparable figures for the District of New Jersey, for example, is 33.0 months to trial; Northern District of Illinois, 26.4 months; and Central District of California, 21.3 months.

While these differences in the overall civil action docket are significant, the disparity between some of the districts in regard to complex M.D.L. cases is enormous. The Western District of Washington, while possessing the resources necessary to oversee a complex multi-party action such as this, is under-utilized as a transferee court for centralized proceedings. As of September 30, 2006, the Western District of Washington has only two M.D.L. cases still pending, while the District of New Jersey has 15 pending litigations; Northern District of Illinois – 16 litigations; and Central District of California – 9 litigations. As this Panel has recognized, this alone can be reason to transfer multidistrict actions to such districts for centralization:

> centralization in this district permits the Panel to effect the Section 1407 assignment to a major metropolitan court that (i) is not currently overtaxed with other multidistrict dockets, and (ii) possesses the necessary resources to be able to devote the substantial time and effort to pretrial matters that this complex docket is likely to require.

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 173 F. Supp. 2d at 1380. *See also In re Air Crash near Palembang Indon.*, 1999 U.S. Dist. Lexis 4910, at *3-4 (J.P.M.L. Apr. 13, 1999). This Panel's rationale for transferring the *Phenylpropanolamine* and *Air Crash near Palembang* multidistrict litigations to the Western District of Washington applies to the present litigations as well.

Of course, these figures do not suggest that the next ten matters on the M.D.L. docket be assigned to the Western District of Washington. Certainly there will continue to be a relatively greater number of M.D.L. transfers to busy jurisdictions such as the Northern District of Illinois and the District of New Jersey on the basis of convenience of the particular parties. But where

---

district courts' 2006 caseload profile available from that site, at Ex. A-H hereto.

001958-12 161590 V1

the advantages in the expeditious processing of these cases are apparent in a transfer to the Western District of Washington, this Panel should welcome the opportunity to spare its overburdened colleagues in other jurisdictions.

We also note that while currently un-taxed with M.D.L. litigations, the Western District of Washington has extensive experience in managing consolidated multi-district litigation. *See, e.g., In re Mailblocks, Inc.*, 279 F. Supp. 2d 1379, 1381 (J.P.M.L. 2003) (transferring action to Western District of Washington); *In re Burlington Northern & Santa Fe Ry. Emple. Settlement Agreements Litig.*, 162 F. Supp. 2d 699, 700 (J.P.M.L. 2001) (same); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 173 F. Supp. 2d at 1380 (same); *In re Amazon.com/Alexa Internet Privacy Litig.*, 2000 U.S. Dist. Lexis 8201, at *3-4 (J.P.M.L. June 7, 2000) (same); *In re Air Crash near Palembang Indon.*, 1999 U.S. Dist. Lexis 4910, at *3-4 (same); *In re Ford Motor Co. /Citibank N.A. Cardholder Rebate Program Litig.*, 1998 U.S. Dist. Lexis 205, at *3 (J.P.M.L. Jan. 8, 1998) (same). Indeed, the Panel has specifically recognized that the Western District of Washington is equipped with the resources necessary to manage substantial consolidated multi-district litigation. *See, e.g., In re Phenylpropanolamine*, 173 F. Supp. 2d at 1380. The Panel has also previously transferred to the Western District of Washington multi-district litigation that, like the present cases, challenges the safety of products ingested into the body. See, for example, *id.* The District thus has an established track record of managing this type of complex litigation.

The Honorable Judge Ricardo Martinez, to whom the *Whaley* litigation, the first filed of the five Washington cases, is assigned, has ample experience with class action and complex commercial litigation. A judge since 1989, Judge Martinez has been on the federal bench since 1998, first as a federal magistrate, and since 2004 as a district court judge. Judge Martinez is not currently handling any other MDL matters.

- 10 -

**2.    The Western District of Washington is an equally convenient forum for the parties and witnesses**

The convenience of the parties and witnesses is a factor in determining to which district related actions should be transferred.  28 U.S.C. § 1407(a) (related actions may be transferred to a district for coordinated proceedings upon a determination that the transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions").  In deciding whether a particular forum is convenient, the Panel may consider the location of the parties, documents and potential witnesses relative to that district. *See In re Cigarette Antitrust Litig.*, 2000 U.S. Dist. Lexis 8209, at *4 (J.P.M.L. June 7, 2000).

This factor is neutral in this litigation.  Plaintiffs and class members reside across the country, likely in all 50 states.  Defendant Menu Foods is a Canadian corporation with its principle office in Ontario, Canada.  Five of the actions (with 12 plaintiffs) were filed in the Western District of Washington.  These 12 plaintiffs all concur that the Western District of Washington would be the most appropriate jurisdiction.

No particular district court is more conveniently located for the parties and witnesses than another.  We note that Seattle has a major international airport that serves as a transportation hub for the region, so parties traveling by air will have easy access to the district court there.

### III.    CONCLUSION

Consolidation is necessary to avoid duplication and wasted efforts.  Transfer to the Western District of Washington is appropriate because five of the 13 related actions were filed there; the Western District of Washington has the resources and judicial expertise to promptly and efficiently conduct this case; and the Western District of Washington is easily accessed and as conveniently located as any district for all the parties.  Accordingly, Plaintiffs respectfully request that the Panel order that the *Sims, Scott, Troiano, Majerczyk, Holt, Sexton* and *Workman* actions (as well as any tag-along cases that may be subsequently filed asserting related or similar

- 11 -

claims) be transferred to the Western District of Washington for consolidated and coordinated pretrial proceedings.

DATED:  March 28, 2007

HAGENS BERMAN SOBOL SHAPIRO LLP

By_____
    Steve W. Berman
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292
steve@hbsslaw.com

MYERS & COMPANY, P.L.L.C.
Michael David Myers
1809 Seventh Avenue, Suite 700
Seattle, Washington  98101
Telephone:  (206) 398-1188
Facsimile:  (206) 400-1112
E-mail:  mmyers@myers-company.com

Philip H. Gordon
Bruce S. Bistline
Gordon Law Offices
623 West Hays St.
Boise, ID  83702
Telephone:  (208) 345-7100
Facsimile: (206) 623-0594
E-mail:  pgordon@gordonlawoffices.com

Adam P. Karp
Animal Law Offices of Adam P. Karp
114 W. Magnolia St., Ste. 425
Bellingham, WA 98225
Telephone: (360) 738-7273
Facsimile (360) 392-3936
Email: adam@animal-lawyer.com

*Attorneys for Plaintiffs Tom Whaley, Stacey Heller, Toinette Robinson, David Rapp, Cecily and Terrence Mitchell, Suzanne E. Johnson, Craig R. Klemann, Audrey Kornelius, Barbara Smith, Michele Suggett and Don James*

- 12 -

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 0 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE MENU FOODS POISONED PET FOOD LITIGATION | No. MDL DOCKET NO. |

## SCHEDULE OF ACTIONS RELATED TO PLAINTIFFS MOTION FOR CENTRALIZATION AND COORDINATION OF PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

1.    *Tom Whaley, individually and on behalf of all others similarly situated v. Menu Foods, a foreign corporation, The Iams Company, a foreign corporation, Dog Food Producers Numbers 1-50 and Cat Food Producers 1-40,* No. C07-0411M, pending in the Western District of Washington at Seattle (Hon. Judge Ricardo S. Martinez);

2.    *Stacey Heller, Toinette Robinson, David Rapp, and Cecily and Terrence Mitchell, individually and on behalf of all others similarly situated, v. Menu Foods, a foreign corporation,* No. C07-0453JJC, pending in the Western District of Washington at Seattle (Hon. Judge John C. Coughenour);

3.    *Suzanne E. Johnson and Craig R. Klemann, individually and on behalf of all others similarly situated, v. Menu Foods, a foreign corporation,* No. C07-0455JCC, pending in the Western District of Washington at Seattle (Hon. Judge John C. Coughenour);

4.    *Audrey Kornelius and Barbara Smith, individually and on behalf of all others similarly situated, v. Menu Foods, a foreign corporation,* No. C07-0454MJP, pending in the Western District of Washington at Seattle (Hon. Judge Marsha J. Pechman);

5.    *Michele Suggett and Don James, individually and on behalf of all similarly situated v. Menu Foods, a foreign corporation; The Iams Company, a foreign corporation; Eukanuba, a foreign corporation; Dog Food Producers Numbers 1-100 and Cat Food Producers 1-100; and DOES1-100,* No. C07-0457RSM, pending in the Western District of Washington at Seattle (Hon. Judge Ricardo S. Martinez);

-1-

ORIGINAL

RECEIVED
CLERK'S OFFICE
MAR 29 A 11:

6.      *Charles Ray Sims and Pamela Sims, individually and on behalf of all others similarly situated v. Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota, Inc., Menu Foods, Inc., Menu Foods Holdings, Inc.*, No. 07-5053, pending in the Western District of Arkansas, Fayetteville Division (Hon. Judge Jimm Larry Hendren);

7.      *Richard Scott and Barbara Widen, individually and all others persons similarly situated v. Menu Foods, Menu Foods Income Fund, Menu Foods Gen Par Limited, Menu Foods Limited Partnership, Menu Foods Operating Partnership, Menu Foods Midwest Corp, Menu Foods South Dakota, Menu Foods, Inc., Menu Foods Holdings, Inc., Wal-Mart Stores, Inc.*, No. 07-5055, pending in the Western District of Arkansas, Fayetteville Division (Hon. Judge Robert T. Dawson);

8.      *Christina Troiano, individually and on behalf of all others similarly situated v. Menu Foods, Inc. and Menu Foods Income Fund*, No. 07-60428 CIV-COHN, pending in the Southern District of Florida (Hon. Judge James I. Cohn);

9.      *Dawn Majerczyk, individually and on behalf of a class of similarly situated individuals v. Menu Foods, Inc., a New Jersey Corporation*, No. 07CV1543, pending in the Northern District of Illinois, Eastern Division (Hon. Judge Wayne R. Anderson);

10.     *Lizajean Holt, individually and on behalf of similarly situated persons v. Menu Foods, Inc.*, No. 07-cv-00094, pending in the Eastern District of Tennessee, Knoxville Division (Hon. Judge Thomas W. Phillips);

11.     *Jared Workman, and Mark and Mona Cohen, on behalf of themselves and all others similarly situated v. Menu Foods Limited, Menu Foods Inc., and Menu Foods Midwest Corporation*, No. 07-cv-1338-NLH-AMD, pending in the District of New Jersey (Hon. Judge Noel L. Hillman);

12.     *Lauri A. Osborne, individually and on behalf of all others similarly situated v. Menu Foods, Inc.*, No. 07CV00469RNC, pending in the District of Connecticut (Hon. Judge Robert N. Chatigny); and

13.     Shirley *Sexton v. Menu Foods Income Fund, Menu Foods, Inc., a New Jersey Corporation, and Menu Foods Midwest Corp., a Delaware aorporation*, No. CV07-01958 GHK (AJWx), pending in the Central District of California (Hon. Judge George H. King).

Copies of the Complaints are attached as Exhibits A - M hereto.

-2-

Dated:  March 28, 20007

HAGENS BERMAN SOBOL SHAPIRO LLP


By_____
        Steve W. Berman
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
(206) 623-7292
steve@hbsslaw.com

MYERS & COMPANY, P.L.L.C.
Michael David Myers
1809 Seventh Avenue, Suite 700
Seattle, Washington  98101
Telephone:  (206) 398-1188
Facsimile:  (206) 400-1112
E-mail:  mmyers@myers-company.com

Philip H. Gordon
Bruce S. Bistline
Gordon Law Offices
623 West Hays St.
Boise, ID  83702
Telephone:  (208) 345-7100
Facsimile: (206) 623-0594
E-mail:  pgordon@gordonlawoffices.com

Adam P. Karp
Animal Law Offices of Adam P. Karp
114 W. Magnolia St., Ste. 425
Bellingham, WA 98225
Telephone: (360) 738-7273
Facsimile (360) 392-3936
Email: adam@animal-lawyer.com

*Attorneys for Plaintiffs Tom Whaley, Stacey
Heller, Toinette Robinson, David Rapp, Cecily
and Terrence Mitchell, Suzanne E. Johnson,
Craig R. Klemann, Audrey Kornelius, Barbara
Smith, Michele Suggett and Don James*

-3-

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 0 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE MENU FOODS POISONED PET
FOOD LITIGATION

No. MDL DOCKET NO.

## PROOF OF SERVICE

Pursuant to Rule 5.2 of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation, and the Federal Rules of Civil Procedure, I hereby certify that on March

27, 2007, I caused a copy of **Plaintiffs' Motion For Transfer and Consolidation of Related**

**Actions To The Western District of Washington Under 28 U.S.C. § 1407, Plaintiffs'**

**Memorandum of Law In Support of Their Motion For Transfer and Consolidation of**

**Related Actions To The Western District of Washington Under 28 U.S.C. § 1407, Schedule**

**of Actions Related To Plaintiffs Motion For Centralization and Coordination of Pretrial**

**Proceedings Pursuant To 28 U.S.C. § 1407** and **Proof of Service** to be served via U.S. Mail on

all parties on the accompanying Service List including the Clerk of each district court where an

affected actions is pending.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

2001 MAR 29   A 11: 48

RECEIVED
CLERK'S OFFICE

- 1 -

ORIGINAL

I further certify that on March 27, 2007, I caused the original and four copies of the above documents, along with a computer generated disk, to be sent via UPS Overnight Mail for filing with the clerk of the Judicial Panel On Multidistrict Litigation.

Dated: March 28, 2007.

Steve W. Berman

- 2 -

## SERVICE LIST

### DEFENDANTS

Menu Foods
8 Falconer Drive
Streetsville, ON
Canada L5N 1B1

Menu Foods Income Fund
8 Falconer Drive
Streetsville, ON
Canada L5N 1B1

Menu Foods, Inc.
c/o The Corporation Trust Company
820 Bear Tavern Road
West Trenton, NJ 08628

The Iams Company
One Proctor & Gamble Plaza C-2
Cincinnati, Ohio 45202

Eukanuba
One Proctor & Gamble Plaza C-2
Cincinnati, Ohio  45202

Menu Foods Midwest Corporation
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Menu Foods South Dakota, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Menu Foods Holdings, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Menu Foods Gen Par Limited
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Menu Foods Limited Partnership
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Menu Foods Operating Partnership
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Wal-Mart Stores, Inc.
c/o The Corporation Company
425 W. Capitol Ave., Ste. 1700
Little Rock, AR 72201

## OTHER PLAINTIFFS COUNSEL IN THESE ACTIONS

**Counsel for Plaintiffs in the *Sims* Action:**

Jason M. Hatfield
LUNDY & DAVIS, LLP
300 North College Ave., Suite 309
Fayetteville, AR  72701
Tel:  (479) 527-3921
Fax:  (479) 587-9196
Email:  jhatfield@lundydavis.com

**Counsel for Plaintiffs in the *Scott, et al.* Action:**

Jeremy Young Hutchinson
PATTON, ROBERTS, McWILLIAMS & CAPSHAW
111 Center Street, Suite 1315
Little Rock, AR  72201
Tel:  (501) 372-3480
Fax:  (501) 372-3488

Email: jhutchinson@pattonroberts.com

Richard Adams
PATTON, ROBERTS, McWILLIAMS & CAPSHAW
Century Bank Plaza, Suite 400
P.O. Box 6128
Texarkana, TX 75505-6128

**Counsel for Plaintiffs in the *Workman, et al.* Action:**

Donna Siegel Moffa
TRUJILLO, RODRIGUEZ & RICHARDS, llp
8 Kings Highway West
Haddonfield, NJ 08033
Tel: (856) 795-9002
Email: donna@trrlaw.com

Sherrie R. Savett
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

Robert A. Rovner
ROVNER, ALLEN, ROVNER, ZIMMERMAN & NASH
175 Bustleton Pike
Feasterville, PA 19053-6456

**Counsel for Plaintiff in the *Troiano* Action:**

Paul J. Geller
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Tel: (561) 750-3000

Lawrence Kopelman
KOPELMAN & BLANKMAN
350 E. Las Olas Blvd., Suite 980
Ft. Lauderdale, FL 33301
Tel: (954) 462-6899

**Counsel for Plaintiff in the *Holt* Action:**

A. James Andrews
Nicole Bass

001958-12 161422 V1

905 Locust Street
Knoxville, TN 37902
Tel: (865) 660-3993
Fax: (865) 523-4623
Email: andrewsesq@icx.net

Perry A. Craft
CRAFT & SHEPPARD
214 Centerview Dr., Suite 233
Brentwood, TN 37027
Tel: (615) 309-1707
Fax: (615) 309-1717
Email: perrycraft@craftsheppardlaw.com

Nicole Bass
905 Locust Street
Knoxville, TN 37902

**Counsel for Plaintiff in the *Whaley, Heller, et al. and Kornelius, et al.* Actions:**

Michael David Myers
MYERS & COMPANY
1809 7th Ave., Suite 700
Seattle, WA 98101
206-398-1188
Fax: 206-398-1189
Email: mmyers@myers-company.com

**Counsel for Plaintiff in the *Majerczyk* Action:**

Jay Edelson
BLIM & EDELSON, LLC
53 West Jackson Blvd., Suite 1642
Chicago, IL 60604
Tel: (312) 913-9400
Email: jay@blimlaw.com

**Counsel for Plaintiffs in the *Suggett, et al.* Action:**

Adam P. Karp, Esq.
ANIMAL LAW OFFICES
114 W. Magnolia St., Suite 425
Bellingham, WA 98225
Tel: (360) 392-3936
Email: adam@animal-lawyer.com

- 6 -

001958-12 161422 V1

**Counsel for Plaintiff in the *Osborn* Action:**

Bruce E. Newman
NEWMAN, CREED & ASSOCIATES
99 North Street, Routee 6
P. O. Box 575
Bristol, CT  06011-0575
Tel:  (860) 583-5200

**Counsel for Plaintiff in the *Johnson, et al.* Action:**

Mr. Philip H. Gordon
Gordon Law Offices
623 West Hays St.
Boise, ID  83702
Tel:  (208) 345-7100
pgordon@gordonlawoffices.com

**Counsel for Plaintiff in the *Sexton* Action:**

Mark J. Tamblyn
WEXLER TORISEVA WALLACE LLP
1610 Arden Way, Suite 290
Sacramento, CA 95815


Stuart C. Talley
KERSHAW, CUTTER & RATINOFF, LLP
980 9th Street, 19th Floor
Sacramento, California 95814

## COURTS

Clerk of Court
U.S. District Court, Western District of Washington
700 Stewart Street
Seattle, WA  98101

Clerk of Court
U.S. District Court, Western District of Arkansas
35 E. Mountain Street, Suite 510

- 7 -

Fayetteville, AR 72701-5354

Clerk of Court
U.S. District Court, District of New Jersey
4th & Cooper Streets, Suite 1050
Camden, NJ 08101

Clerk of Court
Southern District of Florida
299 E. Broward Blvd., Suite 108
Fort Lauderdale, FL 33301

Clerk of Court
Eastern District of Tennessee
800 Market Street, Suite 130
Knoxville, TN 37902

Clerk of Court
Northern District of Illinois
209 S. Dearborn Street
Chicago, Il 60604

Clerk of Court
District of Connecticut
450 Main
Hartford, CT 06103

Clerk of Court
Central District of California
312 N. Spring St., Rm G-8
Los Angeles, CA 90012

001958-12 161422 V1