Hill Wallack LLP
Attorneys at Law
CN 5226
202 Carnegie Center
Princeton, NJ 08543-5226
(609) 924-0808
Attorneys for Defendants
Menu Foods, Inc., Menu Foods Limited,
Menu Foods Income Fund, and
Menu Foods Midwest Corporation

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIM BULLOCK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MENU FOODS INC.; MENU FOODS MIDWEST CORPORATION; MENU FOODS INCOME FUND; and MENU FOODS LIMITED,<br><br>Defendants | Civil Action No.: 07-cv-01579 (NLH) (AMD)<br><br>DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PROCEEDINGS |

**PRELIMINARY STATEMENT**

Defendants, Menu Foods, Inc., Menu Foods Limited, Menu Foods Income Fund, and Menu Foods Midwest Corporation, move this Court to stay all proceedings in this action pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to U.S.C.A. § 1407 and pending a determination of class certification by the transferee court pursuant to Federal Rules of Civil Procedure 23(d)(1). In support thereof, Defendants set forth the following:

Currently, there are at least fifty-seven (57) actions that seek relief for individuals who purchased allegedly contaminated pet food from Defendants. Federal courts have original jurisdiction over these state and common law based actions pursuant to the Class Action Fairness Act of 2005. See 28 U.S.C.A. § 1332(d). Specifically, the pending cases allege that Defendants sold contaminated pet food to the general public and individuals whose pets consumed this pet food sustained injuries and/or death. The pending cases seek to certify a class of United States residents who purchased allegedly contaminated pet food and seek to compensate them for all damages incurred as a result of Defendants' conduct. None of the pending cases are advanced and no discovery has been conducted. The actions are currently pending in the Western District of Washington, Eastern District of Tennessee, Northern District of Illinois, Western District of Wisconsin, Western District of Arkansas, District of New Jersey, Northern District of Florida, Southern District of Florida, District of Connecticut, Central District of California, District of Rhode Island, District of Maine, Northern District of California, District of Nevada, District of Idaho and Northern District of Ohio.

## **FACTUAL BACKGROUND**

On March 30, 2007, three (3) separate motions for transfer and coordination or consolidation pursuant to 28 U.S.C.A. § 1407 were filed by three (3) different plaintiffs. Plaintiff Shirley Sexton filed the first MDL motion, seeking to transfer her case and numerous other cases involving alleged injuries and/or death arising out of the purchase and/or consumption of pet food manufactured by Defendants to the Central District of California. Plaintiff Christina Troiano filed the second MDL motion, seeking transfer to the Southern District of Florida. Plaintiffs Tom Whaley, Stacey Heller, Toinette Robinson, David Rapp, Cecily and Terrance Mitchelle, Suzanne E. Johnson, Craig R. Klemann, Audrey Kornelius, Barbara Smith, Michelle Suggett and Don James, filed their MDL motion to transfer the cases to the Western District of Washington.

On or about April 5, 2007, a fourth Motion was filed with the MDL Judicial Panel by three plaintiffs with suits pending in the District of New Jersey, including Jayme Pittsonberger (07-cv-161-NLH), David Carter (07-cv-1562–NLH), and Jim Bullock (07-cv-1579-NLH). (see Motion and Memorandum of Law, attached as Exhibit A to the Certification of Gerard H. Hanson, Esq. submitted herewith).

Defendants will be filing their MDL response on or before April 19, 2007, and are in agreement that MDL consolidation is appropriate. On April 12, 2007, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Notice of Hearing Session for May 31, 2007 to consider the MDL motions (collectively known as "MDL 1850 - In re Pet Food Products Liability Litigation").

## **LEGAL ARGUMENT**

A stay of all proceedings in this action pending a transfer decision by the JPML and a determination of class certification by the transferee court is necessary to promote judicial economy and avoid undue prejudice to the parties. Due to the pending MDL motions and pending motions for class certification, a stay of proceedings in this case is necessary and appropriate to further the interests of judicial economy. This Court should not unnecessarily use its resources and time to supervise pre-trial proceedings and make rulings in a case, which may shortly be transferred to another district court and/or judge for further pre-trial proceedings. Additionally, since all the actions are in the beginning stages of litigation and the Judicial Panel will be hearing the MDL motions on May 31, 2007, no prejudice or inconvenience will result from entry of a stay. (see Exhibit D to Certification of Gerard H. Hanson, Esq. submitted herewith). On the other hand, absent a stay, Defendants will be substantially prejudiced if they are required to duplicate efforts and expend significant resources defending multiple cases in jurisdictions around the country. For the reasons herein stated, Defendants respectfully move this Court for an order staying all proceedings in this case pending a transfer decision by the JPML and a determination of class certification.

Numerous courts have stayed proceedings pending determinations by the MDL Panel of the appropriateness of coordination under § 1407. See, e.g., Gonzalez, v. American Home Products, Corp., 223 F.Supp.2d 803 (S.D.Tex. 2002); U.S. Bank, Nat'l Ass'n v. Royal Indem. Co., 2002 WL 31114069 (N.D.Tex. Sept. 23, 2002); Moore v. Wyeth-Ayerst Laboratories, 236 F.Supp.2d 509, 511 (D.Md. 2002); Kohl v. American Home Prods. Corp., 78 F.Supp.2d 885 (W.D.Ark. 1999); Republic of Venezuela v. Philip Morris Companies, Inc., et. al., 1999 WL 33911677 (S.D.Fla. 1999); Rivers v. The Walt Disney Co., 980 F.Supp. 1358 (C.D.Cal. 1997);

American Seafood, Inc. v. Magnolia Processing, 1992 WL 102762 (E.D.Pa. May 7, 1992); Arthur-Magna, Inc. v. Del-Val Fin Corp., 1991 WL 13725 (D.N.J. Feb. 1, 1991); Rosenfeld v. Hartford Fire Ins. Co., 1988 WL 49065 (S.D.N.Y. May 12, 1988); Portnoy v. Zenith Laboratories, 1987 WL 10236 (D.D.C. Apr. 21, 1987). It is "incidental to the power inherent in every court to control the disposition of the cases on its docket with the economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). Guided by the "policies of justice and efficiency," this Court should exercise its discretion to stay all further proceedings in this action pending the MDL Panel's action. Boudreaux v. Metropolitan Life Ins. Co., 1995 WL 83788 at *1 (E.D.La. Feb. 24, 1995).

When considering a motion to stay, the Court typically considers three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. Rivers, 980 F.Supp. at 1360. In the case sub judice, each enumerated factor favors a stay. Thus, this Court should stay all proceedings pending a transfer decision by the Judicial Panel and a determination of class certification by the transferee court.

### A. Judicial Economy Mandates a Stay Pending a Transfer Decision by the Judicial Panel and Determination of Class Certification

Considerations of judicial economy weigh heavily in favor of a stay. First, the express language of 28 U.S.C.A. § 1407 provides that civil actions may be transferred for coordinated or consolidated pretrial proceedings to "promote the just and efficient conduct of such actions." 28 U.S.C.A. § 1407. Second, it is well settled that in the class action context that when similar actions are proceeding in different courts, courts may stay proceedings pending the outcome of

the other case. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1792 (2005); Knearem v. Bayer Corp, 2002 WL 1173551 at *1 (D. Kan. 2002) (granting motion to stay to purported class action which was one of more than two hundred pending federal cases, nearly half of which were purported class actions). Here, a stay of proceedings pending a transfer decision by the MDL and class certification is necessary and appropriate to achieve the judicial economies that underlie § 1407 and class actions.

Defendants reasonably anticipate that the Judicial Panel will grant an MDL for the following reasons. First, courts have consistently held that the Judicial Panel will transfer cases to eliminate the possibility of inconsistent class determinations. In re CertainTeed Corp. Roofing Shingle Prods Liab. Lit., 474 F.Supp.2d 1357 (J.P.M.L. 2007); In re Guidant Corp. Implantable Defibrillators Prods. Liab. Lit., 398 F.Supp.2d 1371 (J.P.M.L. 2005); In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Lit., 398 F.Supp.2d 1365 (J.P.M.L. 2005); In re Roadway Exp. Inc. Employ. Pract. Lit., 384 F.Supp. 612 (J.P.M.L. 1974). Absent a transfer of these cases to a single forum for coordinated and consolidated pretrial proceedings, there is a substantial risk of inconsistent and/or conflicting pretrial rulings on discovery and other key issues, such as class certification. Second, discovery with respect to the Defendants' conduct in each of the actions proposed for consolidation will be substantially similar and will involve the same and/or similar documents and witnesses. Third, efficiency in the administration of justice will be served by consolidation, because one judge rather than multiple judges can supervise all pretrial proceedings and render rulings that are consistent. Fourth, based on the nationwide distribution of Defendants' pet food, many additional cases may be filed before the statute of limitations expires.

Absent a stay, the Court will lose the potential efficiencies that would be gained by having pretrial issues, particularly with respect to issues of class certification, decided by a single court. In <u>Gonzalez v. American Home Products, Corp.</u>, consumers brought a product liability action against manufacturers and distributors of phenylpropanolamine (PPA) to recover for physical injuries sustained as a result of exposure to PPA. <u>Gonzalez</u>, 223 F.Supp.2d at 804. In granting defendants' motion to stay pending a decision of the MDL Panel, the Court held that "[j]udicial economy and consistency of result dictate that this key issue be decided once, not countless times." <u>Gonzales</u>, 223 F.Supp.2d at 805.

Like <u>Gonzalez</u>, the interests of judicial economy and consistency warrant a stay here. Without a stay, this Court will be required to expend its time and resources familiarizing itself with the intricacies and complexities of this complicated products liability litigation that may be transferred to another court. Alternatively, if the Judicial Panel assigns the case to this Court, each ruling and action taken by this Court may affect other cases without giving the attorney handling those cases an opportunity to provide input to the Court. Clearly, if these cases are not stayed, many issues particularly with respect to class certification, will have to be revisited by the Court assigned to the cases by the Judicial Panel. Thus, the continuation of this case will result in duplicative and unnecessary efforts by this Court and the parties if this action proceeds forward before the Judicial Panel has an opportunity to rule.

Additionally, if a stay is not granted and this case proceeds forward, the Court's rulings potentially could be reconsidered after coordination. "The pretrial powers of the transferee court include the powers to modify, expand, or vacate earlier discovery orders." <u>In re Plumbing Fixture Cases</u>, 298 F. Supp. 484, 489 (J.P.M.L. 1968). In <u>Kohl v. American Home Prods. Corp.</u>, a consumer brought a products liability action against manufacturers, distributors and sellers of

the pharmaceutical drugs, fenfluramine and phentermine, to recover for injuries allegedly caused by the drugs. Kohl, 78 F.Supp.2d at 887. In granting defendants' motion to stay pending the transfer of the case to the MDL Panel, the Court held that judicial economy would be best served if litigation was facilitated in the appropriate forum. Kohl, 78 F.Supp.2d at 888. "If the MDL motion is granted, all of the Court's time, energy and acquired knowledge regarding the action and its pretrial procedures will be wasted." U.S. Bank, 2002 WL 31114069 at *2.

This Court, like the district court in Kohl, should not expend its limited resources "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes] by another judge." Rivers, 980 F.Supp. at 1360. Moreover, this Court should abstain from scheduling additional status conferences and/or issuing additional discovery orders because "any efforts on behalf of this Court concerning case management will most likely have to by replicated by the judge that is assigned to handle the consolidated litigation." Id. Furthermore, to avoid the risk of inconsistent substantive legal rulings, pretrial proceedings in this matter and other actions should proceed in an orderly, coordinated fashion, as directed by the single court selected by the Judicial Panel. Accordingly, a stay in this case is appropriate as it will further the just and efficient conduct of this litigation.

**B.    The Balance of Equities Weighs Heavily in Favor of a Stay as Plaintiffs Will Suffer No Prejudice, While Defendants Will Suffer Undue Hardship Absent a Stay**

In addition to the waste of judicial resources inherent in proceeding with this matter prior to a ruling by the Judicial Panel, the balance of the parties' hardships strongly favors a stay. In Moore v. Wyeth-Ayerst Laboratories, a patient who took a prescription diet drug brought a products liability action against the drug manufacturer. Moore, 236 F.Supp.2d at 511. The court in that case held that the potential prejudice to the drug manufacturer warranted a stay of

proceedings pending the decision of Judicial Panel for transfer and consolidation. Id. Specifically, the court held that "[c]entralization is ... necessary in order to eliminate duplicative discovery, prevent inconsistent or repetitive pretrial rulings ... and conserve the resources of the parties, their counsel, and the judiciary." Id.

Defendants in the present action would be substantially prejudiced by duplicative discovery and motion practice if a stay is not put in place. American Seafood, 1992 WL 102762 at *2 (holding that "[t]he duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of a stay"). Without a stay, Defendants may continue to be served with discovery requests, deposition notices and various motions resulting in duplicative and costly responses and replies being prepared multiple times in different jurisdictions. This burden is a clear, definable hardship weighing in favor of staying this action until the MDL Panel renders its decision.

A stay will not, however, unduly prejudice the Plaintiff in this matter. In Republic of Venezuela v. Philip Morris Companies, Inc., et. al., the Republic of Venezuela sought damages from the defendants due to, inter alia, costs allegedly incurred as a result of paying for "medical care, facilities, and services" for Venezuelan residents injured as a result of the use of tobacco. Republic of Venezuela, 1999 WL 33911677 at *1. The Court in granting Defendant's motion to stay held that "upon consideration of what effect a brief stay may have on [Plaintiff], the Court finds that Plaintiff will not be prejudiced by the granting of a stay pending the JPML's decision." Id.

Here, there has been no discovery in the case at bar or any of the pending actions. Since all the actions are in the beginning stages of litigation, no prejudice or inconvenience will result

from transfer, coordination and/or consolidation. Any slight delay that Plaintiffs may experience in this case will be minimal and the prejudice to Defendants would far outstrip any harm to Plaintiffs. See Arthur-Magna, 1991 WL 13725 at *1 (noting that even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay). Indeed, if the Judicial Panel consolidates the cases into an MDL, all of the parties - including the Plaintiffs here - will benefit through increased efficiency and coordinated pretrial case management. Further, Defendants are not asking this Court to stay the proceedings indefinitely. The Judicial Panel will be hearing the MDL motions on May 31, 2007. (see Exhibit D to Certification of Gerard H. Hanson, Esq.). Defendants are only asking the Court to issue a stay while the transfer decision by the Judicial Panel and determination of class certification is pending. As such, any potential delay is outweighed by the potential efficiencies available in a coordinated MDL proceeding. Therefore, the benefits of staying this proceeding far outweigh any minimal inconvenience to the Plaintiff. Thus, the granting of a stay is necessary and appropriate.

## **CONCLUSION**

For all of the foregoing reasons, it is appropriate for this Court to exercise its sound discretion to stay these proceedings pending the decision of the Judicial Panel and a determination of class certification by the transferee court. A stay would further the interests of judicial economy, and promote just and efficient conduct of this litigation, while denying a stay would unnecessarily waste the efforts and resources of this Court and all parties. Without the stay, Defendants will suffer undue hardship and inequity, and the purpose for coordination and consolidation pursuant to 28 U.S.C.A. § 1407 will be undermined.

WHEREFORE, Defendants respectfully request this Honorable Court enter an Order staying further proceedings, including but not limited to Defendants' obligation to file responsive pleadings, in this matter pending the transfer decision by the Judicial Panel and a determination of class certification by the transferee court.

Respectfully submitted,
HILL WALLACK LLP

BY: *Gerard H Hanson*
Gerard H. Hanson